GIOVANNINA TORTOLANI *vs.* PETER FABBRI *et al.*

JANUARY 30, 1948.

PRESENT: Flynn, C. J., Capotosto and Condon, JJ.

FLYNN, C. J. This action in trespass and ejectment was tried in the superior court where the trial justice

directed the jury to return a verdict in favor of the plaintiff for possession and costs. The case is here on defendants' exception to that ruling.

The evidence shows that the plaintiff is the owner of certain premises located at 1099 Chalkstone avenue, in the city of Providence in this state. The defendants, husband and wife, are tenants of the plaintiff from month to month, and occupy those premises as a bakery. For about fifteen years Ferdinand V. Tortolani, plaintiff's son, has been acting as agent for his mother in the general management and handling of the property, including the renting of stores, collecting of rents, and endorsing and depositing checks received in payment of rents.

Notice in writing to the defendants to vacate the premises was duly given by the plaintiff through her attorney on February 4, 1947. Shortly thereafter and before the writ was issued, the defendants visited the plaintiff and asked, in substance, why she was evicting them. According to the defendant wife the plaintiff answered: "I am not putting you out, Mrs. Fabbri, I don't want you out, and my husband doesn't want you out either." The defendant, referring to the notice, then inquired: "Well what is this all about?" and the plaintiff said: "I don't know, I am sick, he is sick, I don't know what it is all about, but we don't want you out. We feel very sorry." In this connection Peter Fabbri testified to the same effect.

The defendants admit that their defense is based entirely upon the question whether or not the plaintiff was "a willing or unwilling plaintiff." They contend that the trial justice, on plaintiff's motion for a directed verdict, did not view the evidence most favorably to the defendants in accordance with the rule; and that if the evidence is so viewed, regardless of its weight or credibility, there was sufficient conflict therein to warrant submission of the case to the jury to determine whether or not the plaintiff was authorized to bring the action.

■ The defendan᾽ ⸱ffect thus attempted to deny the authority of the p ⸱f's attorney to bring this action in her behalf. Howe\ ⸱ plea in abatement was filed by them to determine th ⸱estion. In our opinion, by pleading the general issu᾽ ⸱hout previously filing a plea in abatement or other ⸱ saving the benefit thereof the defendants waived the⸱⸱ ⸱⸱t to raise that question at the trial. *Granite Building.Corp. ⸱. ⸱ene*, 25 R. I. 586, 589.

But even if we assume that ⸱⸱ch a question could be properly raised by the defendants at the trial, we are of the opinion that in the circumstances there was no error in directing a verdict for the plaintiff. While a casual reading of the evidence relied upon by defendants might seem to indicate the existence of some conflicting evidence as to whether the plaintiff "wanted" the defendants put out, a closer study of all the evidence shows that there was no real conflict therein as to the attorney's authority to send the notice to quit and to enter and prosecute the writ in trespass and ejectment.

The testimony of the defendants at best does not contradict the authority of the attorney to act in prosecuting this case. Neither defendant testified that the plaintiff at any time expressly denied or repudiated the attorney's authority to act for her in this matter. Indeed, when Mrs. Fabbri was specifically asked by her attorney: "Did she (plaintiff) tell you that she did not authorize these eviction proceedings?" she answered: "She (plaintiff) told us she did not want us out. I don't know what she meant. She says, 'You know, have to try to see the son and see if it could be fixed up.' Q. She told you to try and see her son to see if it could be fixed up? A. Yes, she did." And Peter Fabbri testified: "Q. She (plaintiff) told you to go and see her son? A. Yes, sir. Q. Did you go and see her son? A. Well I didn't go."

■ This testimony affirms the willingness of plaintiff to abide by what her son and her attorney were doing in her behalf. However much she may have regretted the

prosecution of these proceedings, she took no steps to cancel them or to withdraw or change the attorney's authority to bind her by legal action taken in her behalf. We find no evidence that really contradicts the testimony of the plaintiff's son and her attorney as to the express authority given by the plaintiff to bring and prosecute this action. Therefore, assuming that this question was properly raised, there was only one reasonable conclusion from the evidence viewed most favorably to defendants, and the trial justice did not err in granting the plaintiff's motion for a directed verdict.

The defendants' exception is overruled, and the case is remitted to the superior court for the entry of judgment on the verdict as directed.

*Raphael Vicario,* for plaintiff.

*James E. Brothers, James E. Flannery,* for defendants.